UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 22CR188-CAB |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. No. 84]** |
| CARLOS REYES GONZALEZ, | |
| Defendant. | |

On October 24, 2024, defendant Carlos Reyes Gonzalez filed a motion for sentence reduction pursuant to 18 U.S.C sec. 3582(c)(1). [Doc. No. 84.] On November 15, 2024, the government filed an opposition to the motion to reduce sentence. [Doc. No. 89.] On November 21, 2024, defendant filed a reply. [Doc. No. 90.] For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On January 20, 2023, Defendant was convicted of possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i), respectively. This Court sentenced him to 48 months of imprisonment on the drug trafficking conviction and a consecutive 60 months of imprisonment on the firearms conviction, for

a total custodial sentence of 108 months. Defendant has served approximately 43 months of that sentence and is scheduled to be released on December 6, 2028.

## DISCUSSION

On October 24, 2024, Defendant filed a motion with this Court seeking a sentence reduction on the grounds that his mother is ill and requires Defendant's care.

a.  Compassionate Release.

If the exhaustion requirement is met[1], a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).  As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020).

Defendant has not identified "extraordinary and compelling reasons" to justify a sentence reduction under the Family Circumstances category. *See United States v. Lisi,* 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("The animating principle of the Family Circumstances category is that there exists an extraordinary and compelling reason for release when the defendant has a close family member who is completely unable to care for himself or herself and for whom the defendant would be the only available caregiver.")  Here, although the court is sympathetic to Defendant's mother's health issues, there is insufficient evidence to show that she is "completely disabled" and "cannot carry on any self-care and is totally confined to a bed or chair." *United States v. Nassida*, No. CR 14-241, 2020 WL 4700845, at *3 (W.D. Pa. Aug. 13, 2020)(citations omitted).

---

[1] Defendant has met the exhaustion requirement.  [*See* Doc. No. 84-6.]

  Moreover, Defendant has also not shown that he is the only available caregiver for his mother. Because it is easy to simply allege the absence of other potential caregivers, Defendant must make "a robust evidentiary showing that defendant is the only available caregiver." *United States v. Bragg*, No. 12CR3617-CAB (S.D. Cal. February 19, 2021) (Dkt. No. 90) (internal quotations omitted); *see also United States v. Morfin*-Rios, No. 3:18-cr-04997-JAH, 2023 WL 4355341, *5(S.D. Cal., July 5, 2023)(denying motion for compassionate release based on insufficient proof of "incapacitation" and that defendant was "the only available caregiver" as opposed to the "preferred caregiver."); *United States v. Grandhe*, No. 1:22-CR-00198-JLT-1, 2023 WL 7926084, *3 (E.D. Cal., Nov. 16, 2023)(finding defendant failed to establish extraordinary and compelling reasons for his release in part because he "d[id] not explain why he and his family cannot contract for a care provider to assist in his mother's care.")  Here, while Defendant may be the "preferred" caregiver, he has not shown that he is the only available caregiver; nor has he shown that some other combination of his brothers, his mother' friends, and in-home medical care providers and/or assisted living facilities would not be a reasonable alternative. Accordingly, Defendant has not established his eligibility for a sentence reduction.

 b. Section 3553(a) Factors.

  In addition, when deciding whether a sentence reduction is warranted, this Court must consider the factors listed in 18 U.S.C. § 3553(a), such as: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes; and the need to avoid unwarranted disparities. 18 U.S.C. § 3553(a). These factors also weigh against a sentence modification. First, courts in this District have recognized that even when "extraordinary and compelling reasons" are present, the § 3553(a) factors do not support a sentence reduction when the defendant has not served a meaningful portion of the sentence ordered by the Court. *See, e.g., United States v. Ortiz*, No. 18cr2063-BAS

(S.D. Cal. September 11, 2020) [Doc. No. 63] (Lompoc inmate convicted of drug offense had Type 2 diabetes, obesity, and hypertension; but to grant release after just 15 months of 77-month sentence "would create unwarranted disparities with other defendants with similar criminal backgrounds.") Because Defendant has served less than half of his 108-month sentence, the § 3553(a) factors weigh against granting compassionate release.

The nature and circumstances of this particular offense also do not support release. Defendant's involvement in drug trafficking presents a true risk that he will continue his past conduct if released. As courts have consistently recognized, the proliferation of dangerous addictive narcotics is a significant public and societal harm. *See United States v. Ailemen*, 165 F.R.D. 571, 596 (N.D. Cal. 1996)(". . . a drug trafficker is, by definition, a danger to the community.") Exacerbating Defendant's history of drug crimes is his lengthy criminal history and the fact that he was already on supervised release when he committed this crime. [Doc. No. 57 at 18.] Finally, in addition to Defendant's lengthy criminal history, the instant offense involved drugs and a gun, which not only demonstrated Defendant's lack of deterrence but also the danger he continued to pose to society. *See United States v. Littleton*, 2020 WL 5525215, at *3 (E.D. Mich. Sept. 15, 2020)("Drug dealing and guns are a dangerous combination.") The serious nature of Defendant's conduct warranted a 108-month sentence. Accordingly, the Section 3553(a) factors also weigh against a sentence modification.

## CONCLUSION

For the reasons set forth above, the motion for sentence reduction is **DENIED.**

**IT IS SO ORDERED.**

Dated: November 26, 2024

Hon. Cathy Ann Bencivengo
United States District Judge